IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWON KUMONT JULIAN, #01960750, PETITIONER, | § § § § |
| v. | §  CIVIL CASE NO. 3:20-CV-715-E-BK |
| | § |
| LORIE DAVIS, DIRECTOR, TDCJ-CID, RESPONDENT. | § § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Edwon Kumont Julian's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. As detailed here, the successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

In 2013, Julian was convicted of cruelty to animals and sentenced to 10 years' imprisonment. *State v. Julia*, No. F12-45796 (292nd Jud. Dist. Ct., Dallas Cty., June 27, 2013), *aff'd*, No. 05-13-00913-CR, 2014 WL 3587387 (Tex. App. – Dallas July 21, 2014, no pet). Julian unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Julian*, No. WR-83,079-01 (Tex. Crim. App. Apr. 15, 2015) (denying state habeas application); *Julian v. Davis*, No. 3:16-CV-2810-K-BH, 2017 WL 6049239 (N.D. Tex. Nov. 9, 2017), *R. & R. accepted*, 2017 WL 6033893 (N.D. Tex. Dec. 5, 2017) (denying federal habeas petition as time barred).

By this action, Julian again challenges his conviction for cruelty to animals, but raises new grounds. Doc. 3 at 6-9. Specifically, he complains that his trial counsel was infective because he failed to examine the victim cat before it was incinerated and investigate the written statements of the complainant and her two daughters. Julian also challenges the validity of his sentence enhancement and the lawfulness of his continued confinement.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Julian must obtain such an order before he can file a successive application challenging his conviction, his

Section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  CONCLUSION

For the foregoing reasons, Julian's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on March 30, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).